UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON CLARK, IV, #222915,

       Plaintiff,

v.                                     CASE NO. 2:15-CV-10994
                                         HONORABLE NANCY G. EDMUNDS

S. MORGAN, et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT**

**I.    Introduction**

Michigan prisoner Aaron Clark, IV ("Plaintiff"), currently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a pro se civil rights complaint, as well as an application to proceed without prepayment of the $350.00 filing fee (and without payment of the $50.00 administrative fee) for this action. *See* 28 U.S.C. § 1915(a)(1). In his lengthy, handwritten complaint, Plaintiff raises claims concerning retaliatory transfer, the refusal to place him in protective custody, discrimination, and retaliation. The events giving rise to the complaint occurred while Plaintiff was incarcerated at the Baraga Correctional Facility in Baraga, Michigan, as well as his current place of confinement. Plaintiff names 47 Michigan Department of Corrections ("MDOC") employees as defendants in this action and sues them in their individual and official capacities. He seeks declaratory, injunctive, and monetary relief.

Having reviewed the matter, the Court denies the application to proceed without

prepayment of fees or costs and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## II.   Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See, e.g., Clark v. Lindemuth, et al.,* No. 2:12-CV-159 (W.D. Mich. Oct. 19, 2012), *aff'd*, No. 12-2417 (6th Cir. Sept. 19, 2013); *Clark v. Lindemuth, et al.*, No. 2:11-CV-336 (W.D. Mich. July 9, 2012), *aff'd*, No. 12-1983 (6th Cir. Feb. 11, 2013); *Clark v. Derry, et al.*, No. 2:11-CV-253 (W.D. Mich. April 16, 2012), *aff'd*, No. 12-1495 (6th Cir. Feb.

11, 2013); *Clark v. Havelka, et al.*, No. 2:10-CV-11994 (E.D. Mich. June 21, 2010). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee (and without payment of the administrative fee) unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception. *Id.*; *see also Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011). The allegations must also be sufficiently serious to allow a court to draw a reasonable inference that the danger exists. *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). Thus, conclusory, ridiculous, or clearly baseless assertions are insufficient to invoke the exception. *Taylor v. First Med. Mgt.*, 508 F. App'x 488, 492 (6th Cir. 2012); *Rittner*, 290 F. App'x at 798.

Plaintiff does not allege facts which indicate that he is under imminent danger of serious physical injury. First, to the extent that he complains about conditions at Baraga, he cannot establish that he is under imminent danger because he is no longer confined at that facility and individuals employed at that facility are no longer responsible for him. Second, to the extent that he complains about conditions at Saginaw, he cites to past

---

[1] The Court notes that Plaintiff's previously dismissed civil rights complaints have involved allegations similar to those raised in this complaint, albeit against different MDOC employees.

incidents or rumored incidents of violence concerning other inmates and the fact that he is housed in a prison with violent offenders and gang members who get into fights, have weapons, and/or make threats against each other. Such allegations are insufficient to show that he himself is under imminent danger of serious physical injury. *See, e.g., Threatt v. Davenport*, No. 1:13-CV-421, 2013 WL 1831803, *3 (W.D. Mich. April 30, 2013) (prisoner's claim that he was in imminent danger because he was housed with violent offenders and gang bangers was "far too speculative" to fall within the exception to the three strikes rule). Plaintiff does not allege facts to show that he has personally been attacked or physically harmed by other inmates or prison employees or, more relevantly, that he faced such threats at the time he filed his complaint. Plaintiff's concerns about his safety and his fear of being assaulted at some point in the future are conclusory and speculative. Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule. *See, e.g., Thompson v. Sampson*, No. 1:10-CV-231, 2010 WL 1027897, *2-3 (W.D. Mich. Mar.18, 2010). Plaintiff fails to show that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule. Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

### III. Conclusion

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed at least three prior cases which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** his application

to proceed without prepayment of fees or costs and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee and the $50.00 administrative fee.

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: April 7, 2015

CERTIFICATION

I hereby certify that a copy of this Opinion & Order were sent to counsel of record and/or parties by electronic means and/or U.S. Mail on this 7th day of April, 2015.

s/ Carol J Bethel
Case Manager